UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-113 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Cortez Hollis, | |
| Defendant. | |

Robert M. Lewis, Assistant United States Attorney, United States Attorney's Office – St. Paul, 316 North Robert Street, Suite 404, St. Paul, MN 55101 (for the Government); and

Catherine L. Turner, Attorney at Law PLLC, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 and Patrick A. Mullin, The Law Offices of Patrick A. Mullin, 45 Rockefeller Plaza, Suite 2000, New York, NY (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on two pretrial motions: (1) the Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 38; and (2) Defendant's Pretrial Motion to Compel, ECF No. 39. A hearing was held on May 13, 2024. ECF No. 47. Robert Lewis appeared on behalf of the United States of America (the "Government"). Patrick Mullin appeared on behalf of Cortez Hollis ("Defendant").

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 38, is **GRANTED IN PART** and **DENIED IN PART**.

The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. *See generally* ECF No. 38. Putting expert discovery aside, there were no objections to the Government's requests.

The Court's Arraignment Order set the deadline for principal expert disclosures at 28 days before trial and 14 days before trial for rebuttal experts. ECF No. 17 at 2. Nevertheless, the Government sought to establish deadlines for the parties to disclose any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). The Government's motion proposes that principal experts be disclosed 21 days before trial and rebuttal experts be disclosed 10 days prior to trial. ECF No. 38 at 2. Defendant proposed expert disclosures at 30 days before trial in his Pretrial Motion to Compel. ECF No. 39 at 1; *see* Def.'s Mem. in Supp. at 18, ECF No. 40. In response to Defendant's motion, the Government then proposed reciprocal expert disclosures of 30 days before trial for principal experts and 14 days before trial for rebuttal experts. *See* Gov't's Omnibus Resp. at 5-6, ECF No. 43. At the motions hearing, the parties agreed to follow the deadlines set in the Court's Arraignment Order. *See* Tr. 5:24-6:20, ECF No. 49. Thus, the Court grants the Government's motion in part. Pursuant to the Court's Arraignment Order, no later than 28 days prior to trial the parties shall make their principal expert disclosures, and no later than 14 days prior to trial the

parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2. Defendant's Pretrial Motion to Compel, ECF No. 39, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant makes several requests under its umbrella motion to compel. The Court will address each request in turn.

**Request for Compliance with Federal Rule of Criminal Procedure 16(a)**

Defendant seeks, in addition to compliance with Rule 16(a), the disclosure of any oral, written, or recorded statements alleged to have been made by Defendant. *See* ECF No. 39 at 1-2; Def.'s Mem. in Supp. at 9-10, 17. In response, the Government represents that it has produced all materials required to be disclosed by Rule 16(a) and argues that this request is moot. *See* Gov't's Omnibus Resp. at 4-5. "In most circumstances . . . a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). *See also United States v. Mayberry*, 896 F.2d 1117, 1122 (8th Cir. 1990) (finding that the language of Rule 16 as only applicable to statements made by the defendant). Defendant's motion is granted in part to the extent his discovery request seeks responsive information subject to disclosure under Rule 16(a) and that remains in the Government's control and has not yet been produced. To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a) or that have already been produced, his request is denied.

3

**Request for Early Disclosure of Jencks Act Material**

Defendant also seeks disclosure of Jencks Act materials at least 30 days prior to trial considering the magnitude of this case. ECF No. 39 at 1-2; *see* Def.'s Mem. in Supp. at 14-15. Defendant argues that early disclosure is warranted because the discovery provided by the Government so far is voluminous. *See* Def.'s Mem. in Supp. at 14. At the motions hearing, Defendant further explained the magnitude of this case by stating that there are up to 17 individuals included in the Indictment and identified by initials, therefore, emphasizing the high potential for there to be numerous witnesses at trial. Tr. 8:4-15. Thus, Defendant seeks additional time to review Jencks Act materials as the materials could be substantial. Tr. 8:4-15. The Government asks the Court to deny Defendant's request for early disclosure of Jencks Act material, representing that it will voluntarily disclose Jencks Act material prior to trial including the names of the individual taxpayers referenced in the Indictment by initials. Tr. 12:19-13:11.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of [his] testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th

4

Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages disclosure of such materials seven days in advance of trial due to the high potential for a number of witnesses.

**Request for Disclosure of Rule 404(b) Evidence**

Defendant requests disclosure of Rule 404(b) evidence 30 days before trial. ECF No. 39 at 2; *see* Def.'s Mem. in Supp. at 16-17. In response, the Government requests that Rule 404(b) evidence be ordered to be disclosed 14 days before trial, or as soon as the Government learns of Rule 404(b) evidence, if later. *See* Gov't's Omnibus Resp. at 6-7.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other

5

crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the Government's 14-day proposal reasonable. As such, no later than 14 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

**Request for Disclosure of Exculpatory Evidence and Impeaching Information**

Under *Brady*, *Giglio*, and their progeny, Defendant seeks immediate disclosure of evidence favorable to him, including the identity of any witnesses who have made favorable statements concerning Defendant, any favorable statements made by the

6

individual taxpayers referenced in the Indictment by initials as well as other taxpayers or individuals the Government interviewed, and any Internal Revenue Service ("IRS") personnel that Government intends to use as a witness at trial. ECF No. 39 at 1-2; *see* Def.'s Mem. in Supp. at 10-11, 17.

Defendant also seeks immediate disclosure of all impeachment evidence. ECF No. 39 at 1; *see* Def.'s Mem. in Supp. at 12-14. Defendant specifically requests that all impeachment evidence, including the identity of the individual taxpayers referenced in the Indictment by initials, information concerning the IRS's undercover investigation of Defendant, any memoranda or reports concerning any interviews of the individual taxpayers referenced in the Indictment, and any other taxpayers the Government intends to call as a witness at trial. Def.'s Mem. in Supp. at 13-14.

The Government responds by stating that it has and will continue to comply with its obligations under *Brady*, *Giglio*, and their progeny. *See* Gov't's Omnibus Resp. at 4-5. At the motions hearing, the Government represented it would voluntarily identify the individual taxpayers referenced in the Indictment by their initials. *See* Tr. 11:9-12:17.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing under *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *see also United States v.*

7

*Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Sigillito*, 759 F.3d at 930 (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 (DJS/TCM), 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's request is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. The Government

8

represents that it has been complying with and will continue to comply with its obligations and the Court has no reason to doubt the Government's representations. Nonetheless, if the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See Johnson*, 228 F.3d at 924 ("Criminal defendants do not have a general constitutional right to discovery.").

### Request for Early Disclosure of Trial Documents

Defendant also seeks early disclosure of trial documents including witness lists, summary exhibits, finalized transcripts, and other documentary evidence. *See* ECF No. 39 at 1-2; Def.'s Mem. in Supp. at 15-16, 18-19. The Government opposes this request as premature. Gov't's Omnibus Resp. at 6-7. While the Court is not precluding the Government from voluntarily producing trial documents in advance of trial, identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witnesses and exhibit lists. Therefore, such requests are premature at this time.

### Request for the Government to Preserve Rough Notes

Defendant requests an order directing the Government to preserve all government agents' rough notes, draft reports, and final reports. ECF No. 39 at 2; *see* Def.'s Mem. in Supp. at 19. The Government does not object to the retention of rough notes but does object to the preservation of draft reports and final reports. Gov't's Omnibus Resp. at 5.

Defendant's request for the retention of rough notes is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter. Defendant's request for the retention of draft and final reports is denied. *See United States v. Wipf*, 397 F.3d 632, 637 (8th Cir. 2005) ("[U]nder Rule 16, 'reports, memoranda, or other internal government documents' created by a government agent in connection with the investigation or prosecution of the case are immune from discovery.") (quoting Fed. R. Crim. P. 16(a)(2)).

**Request for Permission to Bring Additional Motions or Other Applications**

Lastly, Defendant requests permission to bring additional motions "as appropriate." *See* ECF No. 39 at 2; Def.'s Mem. in Supp. at 20. The Court denies this request and reminds Defendant to follow the requirements under Rule 12. Rule 12(b)(3) outlining what type of motions "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." The deadline to file pretrial motions in this matter has passed, *see* ECF No. 33, and Defendant has not sought leave to file any additional specified motions. "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." *See* Fed. R. Crim. P. 12(c). No good cause has been shown by Defendant.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: July 26, 2024

s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Hollis*
Case No. 23-cr-113 (PJS/TNL)

11